UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINNER DAWAN DAIZAR MATE,

        Plaintiff,

                                         CASE NO. 16-CV-12828
v.                                          HONORABLE GEORGE CARAM STEEH

JEANIE FIELDS et al.,

        Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

      Pro se plaintiff Dawan Daizar Mate filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging discrimination in his application to participate in a housing assistance program operated by the City of Inkster. Plaintiff claims the local assistance program was federally funded by the Department of Housing and Urban Development ("HUD"). Plaintiff has demonstrated that he is indigent; thus, his request for *in forma pauperis* status is granted. Having granted such status, the court must screen the Complaint to determine whether the case is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, plaintiff has failed to state a claim and this action shall be dismissed.

**A. Standard of Law**

      An action brought *in forma pauperis* must be dismissed if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A

complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim upon which relief may can be granted, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening an action brought *in forma pauperis*, a court should be mindful that *pro se* complaints are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Courts do not hold pro se filings to the same stringent standard as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**B. Summary of Complaint**

Plaintiff has sued three defendants whom he identifies in the Complaint as follows: (1) Jeanie Fields, a municipal employee of the City of Inkster; (2) Dr. Mouhanad Hammami, a state employee with the Wayne County Community Wellness agency, (3) and Michael Polsinelli, HUD Detroit Field Office director. Although the Complaint does not so state, the court construes the Complaint to name these persons in their individual and official capacities.

Plaintiff alleges that Fields discriminated against him in his application for housing assistance because she initially rejected his application because he did not use his proper legal name "Dawan Mate," but his nickname "Winner Mate." He further alleges discrimination because defendants allegedly denied his application based on the fact that he was receiving social security disability benefits, did not provide documents regarding the

income of other adult members of his household, and required that other members of his household obtain a Michigan driver's license in order for his application to be considered. Plaintiff seeks relief under § 1983 on the theory that he qualifies for "class of one" discrimination under the Equal Protection Clause of the Fourteenth Amendment because defendants' alleged requirement that his house mate obtain a Michigan driver's license in order to consider his housing assistance application lacks a rational basis. Plaintiff also seeks relief under § 504 of the Rehabilitation Act of 1973 ("§ 504 ") and Title II of the Americans with Disabilities Act of 1990 ("ADA").

### C. Analysis

Even giving plaintiff the liberal deference owed to pro se litigants, plaintiff fails to allege a viable federal claim. First, the court considers whether plaintiff has set forth a viable § 1983 claim. In order to assert such a claim, plaintiff must satisfy two elements: (1) that the conduct complained of was committed by a person action under color of state law; and (2) that this conduct deprived the person of the rights, privileges or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In this case, defendant Fields and Hammami are state actors and thus, satisfy the first element of an § 1983 claim. Defendant Polsinelli, however, is a federal actor. Thus, plaintiff's civil rights claim against him arises under the parallel analysis set forth under *Bivens* which requires that plaintiff demonstrate (1) a challenged action attributable to a person acting under color of federal law, and (2) conduct that deprives the party of a constitutionally protected interest. *Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 418-21 (1988)). As to all three defendants, state or federal action is established, so the question

for the court is whether plaintiff has alleged sufficient facts to state the deprivation of a constitutional right.

Plaintiff claims a violation of his right to equal protection under the Fourteenth Amendment on the theory that he is protected as a "class of one" because he was treated differently than similarly situated individuals without a rational basis. To this end, he relies solely on his allegation that defendants are allegedly requiring another member of his household, who has an Ohio driver's license, to obtain a Michigan driver's license in order for his application for housing assistance to be complete. Plaintiff claims he alone is the owner of his home, and thus, the residency and income of other adults living in his home should not be considered. Equal protection claims can be brought by a "class of one," where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated, and that there is no rational basis for such difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even taking as true plaintiff's allegation that defendants required proof of Michigan residency by all members of his household in order to consider his housing assistance application, that allegation fails to state a constitutional deprivation. The Supreme Court has recognized the constitutionality of bona fide residence requirements as a prerequisite to state services. *See Martinez v. Bynum*, 461 U.S. 321, 325-28 (1983). Plaintiff has also failed to show that defendants' alleged consideration of all household income in determining whether to grant housing assistance states a constitutional violation. Accordingly, plaintiff's equal protection violation claim against defendants under § 1983 and *Bivens* must be dismissed.

Plaintiff also fails to state a claim for disability discrimination under the ADA or

§ 504. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act likewise provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Section 504 and ADA claims can generally be analyzed under the same standard. In order to state a claim under either statute, plaintiff must show that he (1) is disabled under the statute, (2) is "otherwise qualified" for participation in the program, (3) is being excluded from participation in, denied the benefits of, or subjected to discrimination under the program by reason of his or her disability and (4) that the program or activity receives federal funds. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452–53 (6th Cir. 2008); *Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996).

Plaintiff's sole allegation in support of his ADA and § 504 claim is that defendants allegedly denied him housing assistance because he receives social security disability benefits. This general allegation is woefully deficient to state a claim under § 504 or the ADA. "'[N]aked assertions' devoid of 'further factual enhancement' are insufficient to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 570).

### D. Conclusion

For the reasons set forth above, plaintiff's claims are DISMISSED WITH

PREJUDICE for failure to state a claim.  Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:  August 16, 2016

Dated:  August 16, 2016

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2016, by electronic and/or ordinary mail and also on Winner Dawan Daizar Mate, 26730 Notre Dame Street, Inkster, MI 48141.

s/Barbara Radke
Deputy Clerk

---