UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINNER DAWAN DAIZAR MATE,

        Plaintiff,

v.

CASE NO. 16-CV-12828
HONORABLE GEORGE CARAM STEEH

JEANIE FIELDS et al.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 8), DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (Doc. 4) and DISMISSAL WITHOUT PREJUDICE**

Pro se plaintiff Dawan Daizar Mate filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging discrimination in his application to participate in a housing assistance program operated by the City of Inkster. The court previously granted plaintiff's motion to proceed *in forma pauperis,* and dismissed his claim for failure to state a claim on which relief may be granted pursuant to the screening procedures set forth at 28 U.S.C. § 1915(e)(2)(B). Now before the court is plaintiff's motion for reconsideration on the grounds that the court failed to consider his request for appointment of guardian ad litem based on his incompetency. Plaintiff states that he has a legal guardian but she is not an attorney, thus he requests the appointment of a guardian ad litem. Plaintiff is correct that because his guardian is a non-attorney, she may not represent him in this action, and plaintiff must be represented by an attorney.

-1-

Also, plaintiff cannot represent himself as an incompetent person cannot represent himself pro se. Fed. Rule Civ. P. 17(c)(2). As plaintiff here lacks the capacity to sue on his own behalf, it would have been appropriate for this court to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 17(b). Given plaintiff's incompetency, however, the court should not have conducted a merit-based review of the Complaint, which it inadvertently did in this case.

Federal Rule of Civil Procedure 17(c) provides that an incompetent person may be represented by a general guardian, a committee, a conservator, or a similar fiduciary. The Rule also provides:

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Appointment of a guardian ad litem is not mandatory, as the Rule specifically provides that the court may "issue another appropriate order." Under the circumstances presented here, the court concludes that appointment of a guardian ad litem is not appropriate, and the matter shall be dismissed *without prejudice*. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotation marks and citations omitted). "[A]lthough the court may request an attorney to represent any person unable to afford counsel, 28 U.S.C. § 1915(e)(1), it may properly deny a motion to appoint counsel – even for a minor or incompetent person – when it is clear that no substantial claim might be brought on behalf of such a party."

*Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (internal quotation marks and citations omitted).

Given that plaintiff is represented by a guardian, albeit one who is not an attorney, and considering that no substantial claim appears on behalf of the plaintiff, the court DENIES plaintiff's request for the appointment of a guardian ad litem (Doc. 4), and DISMISSES the Complaint WITHOUT PREJUDICE.

For the reasons set forth above, the court GRANTS plaintiff's motion for reconsideration (Doc. 8), and VACATES the prior order dismissing his Complaint on the merits (Doc. 6), and the judgment entered in favor of defendants (Doc. 7).

**IT IS SO ORDERED**.

Dated: October 25, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 25, 2016, by electronic and/or ordinary mail and also on Winner Dawan Daizar Mate, 26730 Notre Dame Street, Inkster, MI 48141.

s/Barbara Radke
Deputy Clerk